IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

JUAN DELGADILLO,

        Defendant.

Case No. 05-10111-01-JTM

MEMORANDUM AND ORDER

This matter is before the court on the defendant Juan Delgadillo's motion to vacate his sentence under 28 U.S.C. § 2255. (Dkt. No. 51)

Delgadillo argues that his counsel was ineffective, suggesting that counsel promised him a sentence of 60 months, but instructing him to lie at the plea hearing to say that no promise had been given. He further argues that counsel was ineffective for failing to file a notice of appeal, and for failing to obtain a downward departure based upon his being a deportable alien, his family's medical condition, his family ties to the United States, and his cultural assimilation. The United States has responded (Dkt. No. 58) by stressing that Delgadillo's assertions of ineffective assistance are wholly conclusory and unsupported by any admissible evidence. Delgadillo has filed a reply (Dkt. No. 59) generally reiterating his earlier arguments but supplying no further evidence, nor any attempt to controvert the narrative of the case set forth in the government's brief.

According to that narrative, Delgadillo was implicated by a Gail Staton, after Staton was arrested following a controlled undercover buy of a large amount of narcotics, methamphetamine ice. Staton told the police that Delgadillo was her supplier. When the police contacted Delgadillo, he admitted being the supplier, and consented to a search of his house, telling the officers they would find a handgun there. The police found a semi-automatic handgun in the house. Delgadillo was charged with one count of distributing 235 grams of a mixture containing a detectable amount of methamphetamine, and one count of being an illegal alien in possession of a firearm.

Delgadillo pled guilty on September 27, 2005. At the hearing, the court warned Delgadillo he faced a minimum of ten years and a maximum of life on the narcotics count, and a maximum of ten years on the weapons charge. Through the careful colloquy engaged in at the time of the plea, the court entertains no doubt that Degadillo's plea was knowing and voluntary. Specifically, he understood the penalties attached to the charges. He knew he was pleading guilty and there were "no promises from anyone with respect to what your sentence is going to be or whether additional charges will be filed and so forth." (Transcript at 11.)

The court conducted a sentencing hearing on June 29, 2006; the government filed a sealed motion to depart from the guidelines and mandatory minimum sentence. At the conclusion of the hearing, the court imposed a sentence of 84 months imprisonment. The government had requested a sentence of 97 months. Counsel for Delgadillo requested a sentence of 60 months based upon a variety of considerations, including his client's three small children. The court specifically rejected Delgadillo's contention that he was a minimal or minor participant in the offense.

Claims of ineffective assistance of counsel must demonstrate both that counsel's performance was seriously compromised and that these errors resulted in prejudice to the defendant. *Strickland*

*v. Washington*, 466 U.S. 668 [1984]). The court finds that Delgadillo's conclusory allegations of ineffectiveness fail to meet this standard. *See United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (holding insufficient conclusory allegations of ineffective counsel are insufficient).

Counsel was not ineffective merely because Delgadillo did not ultimately receive a sentence of 60 months. The court determined at the hearing that Delgadillo knowingly and voluntarily entered into his plea, and that no promises or inducements had been used to obtain his plea. Delgadillo was repeatedly warned by both counsel and explicitly by the court that a higher sentence could be imposed. The court carefully explored the free and understanding consent of Delgadillo to the plea. (See Transcript, at 2, 7- 9, 11, 17). Delgadillo knew he faced a possible minimum sentence of ten years imprisonment. He was satisfied with counsel's representation. Even if counsel did in fact mistakenly inform Delgadillo that he could expect only 60 months, this would not demonstrate constitutional ineffectiveness, since an erroneous expectation of a lower sentence does not by itself render a plea involuntary. *Wellnitz v. Page*, 420 F.2d 935, 937 (10th Cir. 1970).

The court will hear evidence on the defendant's contention that counsel was ineffective in failing to file a direct appeal. The government has responded to Delgadillo's argument by stressing that his initial motion argued only that counsel "should have filed a notice of appeal," (Doc. 52, at 1), and does not allege that counsel ignored any request to file an appeal. In his reply, Delgadillo advances precisely this contention. The court will conduct an evidentiary hearing on this issue.

The court will deny Delgadillo's claims of ineffective representation with respect to the failure to argue additional grounds for downward departures. Delgadillo has not documented the actual existence of any of these circumstances, nor demonstrated how they would, in fact, have yielded a lesser sentence. Even if the allegations were more than conclusory and unsupported, which

they are not, the court finds that Delgadillo suffered no prejudice, since no lesser sentence would have been imposed, given the very serious nature of the offense and the already substantial downward adjustment reflected in the sentence imposed.

IT IS ACCORDINGLY ORDERED this 25th day of May, 2007 that the defendant's Motion to Vacate, (Dkt. No. 51) is denied in all respects except for the allegation that counsel was ineffective in failing to file a notice of appeal, for which the court will schedule an evidentiary hearing.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE
